IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DANIEL SANDERS, TDCJ #02044542, § § § Plaintiff, § § v. § § PAM PACE, et al., § § Defendants. § § | Case No. 6:19-cv-528-JDK-JDL |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Daniel Sanders ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit on October 30, 2019, under 42 U.S.C. § 1983 against Defendants TDCJ-CID Director Lorie Davis, TDCJ Executive Director Bryan Collier, Coffield Unit Practice Manager Pam Pace, and Warden K. Putnam (collectively "Defendants"). The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On November 13, 2019, the Court ordered Plaintiff to file an amended complaint stating specific facts to support his claims to demonstrate potentially meritorious civil rights claims against each defendant. Docket No. 6. Plaintiff amended his complaint on December 12, 2019, naming only Pam Pace, Senior Warden Jerry Catoe, and Doctor Paul Shrode as defendants. Docket No. 8. The Court has dismissed all claims against Defendants Collier, Davis, Putnam, and Catoe without prejudice. Docket Nos. 25; 30. On February 5, 2020,

1

Defendants Pace and Shrode moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b).  Docket No. 17.

On July 24, 2020, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claims for injunctive relief be dismissed because Plaintiff lacked standing for such relief and because he had failed to sue an official that could redress his alleged injury.  The Magistrate Judge also recommended that Plaintiff's deliberate indifference claim be dismissed for failure to state a claim upon which relief may be granted.  Docket No. 33.  Plaintiff objected to the Report and Recommendation on August 27, 2020.  Docket No. 38.

After review, the Court is of the opinion that the objections are without merit. Plaintiff incorrectly argues that:  (1) because the state has consented to this suit, his claim is not barred by qualified immunity (Docket No. 38 at 7); (2) the court has the power to grant injunctive relief to someone who lacks standing (*id.* at 8); (3) his complaint sufficiently alleges a deliberate indifference claim as to Dr. Shrode's misdiagnosis (*id.* at 8–9); and (4) Defendant Pace was directly involved in a violation of his constitutional rights because "she knew or should have known" about the allegedly contaminated water (*id.* at 9).  Plaintiff's objections merely restate his original arguments in response to Defendants' motion to dismiss and do not address the Magistrate Judge's finding that he did not state facts sufficient to bring a plausible claim of deliberate indifference.  Docket Nos. 21; 33; 38. Although he contends that Shrode displayed "total disregard to the plaintiff's serious medical need," the documents he attached refute this claim, as discussed by the Magistrate

2

Judge. Likewise, Plaintiff has not shown that the unit practice manager was responsible for notifying "the right people" about alleged problems with the water, much less that her failure to do so amounted to deliberate indifference to Plaintiff's health or safety. In sum, Plaintiff's claims do not contain sufficient facts to state a claim for relief which is plausible on its face, and thus fail to state a claim upon which relief may be granted.

Having reviewed the findings and conclusions of the Magistrate Judge, the Court agrees with the Magistrate Judge. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is therefore **ORDERED** that the motion to dismiss filed by Defendants Pace and Shrode (Docket No. 17) is **GRANTED** and Plaintiff's claims against Defendants Pace and Shrode are **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **31st** day of **August, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE